SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
E mail        jramsey@sheppardmullin.com

*Attorney for Defendant*
SEED LEAF, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH FASIH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEED LEAF, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  **'22CV1759 JLS  KSC**<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Seed Leaf, Inc. ("Seed Leaf"), doing business as "Trade Coffee," the defendant in the above-referenced action, which was commenced in the Superior Court of California for the County of San Diego, captioned *Kaveh Fasih v. Seed Leaf, Inc.*, Case No. 37-2022-00036617-CU-MT-CTL (the "State Court Action"), hereby invokes the removal jurisdiction of the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Federal Rule of Civil Procedure, Rule 81(c), asserting original federal jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1453(b). The following is a short, plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a).

## I. DESCRIPTION OF THE ACTION

Plaintiff Kaveh Fasih ("Plaintiff") filed a Complaint in the State Court Action on September 13, 2022, and served Seed Leaf on October 11, 2022. The claims against Seed Leaf arise out of Plaintiff's purchase of an automatically renewing coffee delivery subscription from Seed Leaf via its website, https://www.drinktrade.com/. Plaintiff purports to act on behalf of a putative class of "[a]ll California consumers who, within the applicable statute of limitations period up to and including entry of judgment in this matter, purchased any product or service in response to an offer constituting an 'Automatic Renewal' as defined by § 17601 of the Business & Professions Code, from Defendant, its predecessors, or its affiliates, via the above-referenced website." Complaint ¶ 26. The Complaint asserts the following causes of action: (a) violation of Unfair Competition Law, California Business and Professions Code § 17200 *et seq.*; (b) violation of Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*; and (c) declaratory relief.

The nature of the action is more fully stated in the Complaint, a true and correct copy of which is attached hereto as Exhibit A.

## II. BASIS FOR REMOVAL

The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). CAFA provides that federal courts have original jurisdiction and removal jurisdiction in class actions where (a) minimal diversity of citizenship exists; (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (c) the primary defendants are not states, state officials or government entities against whom the federal court may be foreclosed from ordering relief; and (d) there are more than 100 people in the putative class. 28 U.S.C. § 1332(d)(2); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). As set forth below, this action is removable under CAFA.

A. **Diversity Of Citizenship Exists**

Diversity of citizenship is established under CAFA for "a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Thus, only minimal diversity is required, and is satisfied where the sole named class member plaintiff is a citizen of a state different from the sole named defendant.

Minimal diversity is met here because the sole named plaintiff and named defendants are citizens of different states. Plaintiff was a resident and citizen of the State of California at the time of filing of the Complaint and at all times relevant to the action. Complaint ¶ 6. Further, as of the time of filing of this action and today, Seed Leaf is a Delaware corporation with its corporate headquarters in New York, New York. *Id.* ¶ 7. Seed Leaf's principal operations are thus ***not*** located in California (*id.*), and so there is minimal diversity. The existence of Doe defendants 1 through 10, named in Plaintiff's Complaint, does not deprive this Court of jurisdiction because the citizenship of fictitious and unknown defendants are disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332; *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("unknown defendants sued as 'Does' need not be joined in a removal petition").

B. **The Amount In Controversy Exceeds $5,000,000**

Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Where the plaintiff has not demanded a sum certain in the complaint, the defendant must only prove the amount in controversy by a preponderance of the evidence for purposes of determining CAFA removal jurisdiction. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007); *cf. Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the party seeking removal must "prove with legal certainty" the amount in controversy only when the state court complaint

affirmatively alleges an amount in controversy *less than* the jurisdictional threshold).

The amount in controversy allegation in a notice of removal should be accepted as true when not contested by a plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). If the court is uncertain about whether all matters in controversy meet the $5,000,000 jurisdictional threshold under CAFA, "the court should err in favor of exercising jurisdiction over the case." *Kearns v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614, *19 (C.D. Cal. Nov. 18, 2005) (citing Senate Judiciary Committee Report, S. REP. No. 109-14). While Seed Leaf denies that Plaintiff or the purported class members are entitled to any relief, in determining the amount in controversy the Court must assume that allegations in the Complaint are true and that Plaintiff will ultimately prevail. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) ("the ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe").

While Plaintiff does not demand a sum certain, the minimum amount in controversy is nonetheless satisfied based on the face of the Complaint. Plaintiff seeks "full restitution" of Class Members' "subscription agreement payments." Complaint, Prayer ¶ 4. The Complaint therefore suggests that Plaintiff is seeking the price paid by all California consumers for their subscriptions during a four-year period. *Id.* ¶¶ 26, 38; *see also* Cal. Bus. & Prof. Code § 17208; Cal. Civ. Code § 1783; Cal. Code Civ. Proc. § 338(a). Based on Seed Leaf's subscription sales to California consumers in the four years prior to the filing of the Complaint, the amount in controversy exceeds $5 million. Declaration of Brian Pizzitola ¶ 4.

Plaintiff additionally requests attorneys' fees. *Id.*, Prayer ¶ 9. Although Seed Leaf denies that Plaintiff is entitled to such fees, the Court should take attorneys'

fees into account in ascertaining the amount in controversy even where an award is discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Similarly, the cost of complying with injunctive relief may be considered in determining the amount in controversy. *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002). Therefore, Plaintiff's broadly alleged claims for monetary, injunctive, and declaratory relief place more than $5,000,000 at issue in this action.

### C.   Putative Class Exceeds 100 Class Members

Plaintiff alleges in the Complaint that "the exact number and identities of Class Members are unknown at this time." Complaint ¶ 27. But based on Seed Leaf's subscription sales to California consumers during the four years prior to the filing of the Complaint, the number of Class Members exceeds 100. Declaration of Brian Pizzitola ¶ 5. Thus, CAFA's class size requirement is met.

### D.   Seed Leaf Is a Private Entity

Seed Leaf is "a Delaware Corporation." *Id.* ¶ 7. Thus, as disclosed on the face of the Complaint, Seed Leaf is not a state, state official, or governmental entity. *See* 28 U.S.C. § 1332(d)(5). Accordingly, Seed Leaf's legal status does not defeat removal jurisdiction.

### III.   THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

A case may be removed within thirty days of formal service on the removing defendant. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (30-day time period in which to remove triggered by date of formal service, not date when "courtesy copy" was faxed to defendant). Service was effected on October 11, 2022. This Notice of Removal is therefore timely because it is filed within thirty days of service on Seed Leaf.

Venue is proper in the Southern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the State Court Action was filed and is pending in

the Superior Court of California for the County of San Diego, which is within this district.

Pursuant to 28 U.S.C. § 1446(d), Seed Leaf is simultaneously giving notice to the San Diego County Superior Court and to the Plaintiff of this removal. In compliance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit A. There are no other named defendants whose consent would be required for removal. *See* 28 U.S.C. § 1453(b).

## IV.    CONCLUSION

For all the reasons set forth above, Seed Leaf requests that the State Court Action pending before the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California as if originally filed herein.

Dated: November 9, 2022    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ Jay T. Ramsey*
     JAY T. RAMSEY

*Attorney for Defendant*
SEED LEAF, INC.